UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEXIS CRAWFORD, | CASE NO. C25-5409 BHS |
| Plaintiff, | ORDER |
| v. | |
| CLARK COUNTY JAIL, | |
| Defendant. | |

THIS MATTER is before the Court on pro se plaintiff Alexis Crawford's amended complaint, Dkt. 10, filed in response to the Court's Order, Dkt. 6, pointing out deficiencies in her initial compliant, Dkt. 5, and ordering her to correct them.

Crawford alleges that she was jailed after being "assaulted," and that, despite being injured she was "denied care" by unnamed jail personnel. Dkt. 10. Her amended complaint adds "John Doe" defendants, and asserts that these individuals "failed to provide any medical examination, treatment, or follow-up care for Plaintiff's condition." *Id.* at 3. She does not describe what treatment she sought or required, or what damage resulted from any delay in treatment. She continues to fail to identify any person who violated her rights, or how they did so.

ORDER - 1

1    Nor has Crawford alleged facts supporting the existence of any County policy,
2    custom or procedure, or supporting the reasonable inference that any such policy was the
3    "moving force" behind any constitutional violation by any person. Instead, she simply
4    asserts in conclusory fashion that Clark County "maintained policies customs or practices
5    that caused the constitutional violation." *Id.* at 2.

6    To plead a plausible claim, a plaintiff must allege facts that allow the court to
7    "draw the reasonable inference that the defendant is liable for the misconduct alleged."
8    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a pro se plaintiff's complaint is to be
9    construed liberally, like any other complaint it must nevertheless contain factual
10   assertions sufficient to support a facially plausible claim for relief. *Id.* (citing *Bell
11   Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Crawford has not met this
12   standard.

13   The Court will permit Crawford one more opportunity to amend her complaint to
14   state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir.
15   2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo
16   review, that the complaint could not be saved by any amendment.").

17   Crawford's second amended complaint should focus on the "who, what, when,
18   where, and why" of a factual story and plausibly articulate why that conduct is actionable
19   in this Court. She should do so within 21 days. If she does not, this matter will be
20   dismissed without further notice.

21   IT IS SO ORDERED.

22   //

1  Dated this 12th day of November, 2025.

BENJAMIN H. SETTLE
United States District Judge